# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| AHMAD ZIA HAMDARD, )<br>)<br>    Plaintiff *pro se*, )<br>)<br>v. )<br>)<br>MERRICK B. GARLAND, *et al.* )<br>)<br>    Defendants. )<br>) | Civil Action No. 24-cv-00617-LKG<br><br>Dated: January 28, 2025 |

## MEMORANDUM OPINION

**I.     INTRODUCTION**

The Plaintiff *pro se*, Ahmad Zia Hamdard, brings this civil action against the Defendants, James McHenry, the acting Attorney General of the United States, Benjamine Huffman, the acting Secretary of Homeland Security, Jennifer Higgins, the acting Director of the United States Citizenship and Immigration Services ("USCIS") and Greg Collett, the District Director of USCIS, seeking to compel the Defendants to expedite the adjudication of his asylum application.[1]  ECF No. 1.  The Defendants have moved to dismiss the complaint, or, alternatively, for summary judgment, pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure.  ECF Nos. 12 and 12-1.  The motion is fully briefed.  ECF Nos. 12, 14, 15, 16.  No hearing is necessary to resolve the motion.  L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court: (1) **GRANTS** the Defendants' motion to dismiss, and (2) **DISMISSES** the complaint.

---

[1] Defendants McHenry, Huffman, and Higgins are automatically substituted as parties to this action, replacing Defendants Garland, Mayorkas, and Jaddou, respectively.  *See* Fed. R. Civ. P. 25(d).

## II. FACTUAL AND PROCEDURAL BACKGROUND[2]

### A. Factual Background

The Plaintiff *pro se*, Ahmad Zia Hamdard, submitted a Form I-589 application for asylum to USCIS on November 30, 2021. ECF No. 1 at 2. The Plaintiff has not yet been scheduled for an interview related to his application. *Id.*

The Plaintiff applied for and received employment authorization and was approved for Temporary Protected Status ("TPS") on November 7, 2023. ECF No. 12 at 9. On February 28, 2024, the Plaintiff filed the complaint in this matter, pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 ("APA"). ECF No. 1. In the complaint, Plaintiff seeks to "[c]ompel Defendants to perform their duty to adjudicate Plaintiff's application for asylum and issue a written decision." *Id.* at 9. At the time of the filing of the complaint, the Plaintiff's asylum application had been pending for between two and three years. *Id.* at 2.

### B. Procedural History

On February 28, 2024, the Plaintiff filed the complaint. ECF No. 1. On July 9, 2024, the Defendants filed a motion to dismiss, or, in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 56, and a memorandum in support thereof. ECF No. 12.

On July 18, 2024, the Plaintiff filed a response in opposition to the Defendants' motion. ECF No. 14. On August 5, 2024, the Defendants filed a reply brief. ECF No. 15.

## III. LEGAL STANDARDS

### A. *Pro se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *see also Bell v. Bank of Am., N.A.*, No. 13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court

---

[2] The facts recited herein are taken from the complaint, the Defendant's motion to dismiss, the memorandum in support thereof, and the declarations and attachments thereto. ECF Nos. 1 and 12. Unless otherwise stated, the facts are undisputed.

is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations omitted). And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### B. Fed. R. Civ. P. 12(b)(1)

A motion to dismiss based on lack of subject-matter jurisdiction under Rule 12(b)(1) addresses whether the Court has the competence or authority to hear and decide a particular case. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). In this regard, the Fourth Circuit has held that a plaintiff bears the burden of proving that subject-matter jurisdiction exists. *See Evans v. B.F. Perkins C*o., 166 F.3d 642, 647 (4th Cir. 1999). And so, the Court should dismiss a case for lack of subject-matter jurisdiction "where a claim fails to allege facts upon which the Court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.

### C. Fed. R. Civ. P. 8 And 12(b)(6)

Under Fed. R. Civ. P. 8(a), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief. To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Inc,.* 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v.*

*Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

### D.  Fed. R. Civ. P. 56

A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  And so, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 141 (4th Cir. 1979).

When ruling on a motion for summary judgment, the Court must construe the facts alleged in the light most favorable to the party opposing the motion.  *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985).  In this regard, the moving party bears the burden of showing that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Catawba Indian Tribe of S.C. v. State of S.C.*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied,* 507 U.S. 972 (1993).  But, a party who bears the burden of proof on a particular claim must also factually support each element of his or her claim.  *See Celotex Corp.*, 477 U.S. at 322-23.  Given this, "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id.* at 323.  And so, on those issues on which the nonmoving party will have the burden of proof, it is the nonmoving party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial.  *See Anderson*, 477 U.S. at 256.

### E.   28 U.S.C. § 1361 And 8 U.S.C. § 1158

The Mandamus Act vests district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  Mandamus relief is an "extraordinary remedy" which "will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittson Coal Group v. Sebben*, 488 U.S. 105, 121 (1988).  Such relief should be issued "only if [the plaintiff] has exhausted all other avenues of relief. *Heckler v.*

4

*Ringer*, 466 U.S. 602, 616 (1984).  In this regard, a plaintiff bears the heavy burden to show all three elements of a mandamus claim to invoke this Court's jurisdiction, namely that: (1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available.  *See In re Beard*, 811 F.2d 818, 826-27 (4th Cir. 1987); *Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998).  This Court has held that Mandamus cannot be used to compel the performance of discretionary duties of federal government officers, but only to compel ministerial acts.  *Asare*, 999 F. Supp. at 659; *see also Meyers v. U.S. Dist. Ct. for Dist. of Maryland Baltimore Div.*, No. DKC-23-3015, 2024 WL 493268 at *2 (D. Md. Feb. 8, 2024) ("A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgement.").

Lastly, title 8, United States Code, section 1158(d)(5)(A)(iii) provides that asylum applications "shall be completed within 180 days" of filing in the absence of exceptional circumstances.  8 U.S.C. § 1158(d)(5)(A)(iii).  Congress has precluded the creation of any private rights stemming from this timing provision.  8 U.S.C. § 1158(d)(7) (providing that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officer or any other person.").

## IV.    ANALYSIS

The Defendants have moved to dismiss the complaint, or, alternatively, for summary judgment, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 56, upon the following grounds: (1) the Court lacks subject-matter jurisdiction over the complaint, because USCIS owes no statutory duty to the Plaintiff and the agency's actions fall outside of the APA; and (2) the Plaintiff cannot establish that any delay in the adjudication of his asylum application is unreasonable as a matter of law.  ECF No. 12 at 13-25.  And so, the Defendants' request that the Court either dismiss the complaint, or, alternatively, enter summary judgment in their favor.  *Id.* at 25.

The Plaintiff counters that the Court possesses subject-matter jurisdiction to consider his claim under the Mandamus Act, 28 U.S.C. § 1361, the APA, 5 U.S.C. § 706(1), and the federal question jurisdiction statute, 28 U.S.C. § 1331.  ECF No. 14.  In addition, the Plaintiff argues

that the Defendants' delay in adjudicating his asylum application is unreasonable. *Id.* at 6-8. And so, the Plaintiff requests that the Court deny the Defendants' dispositive motion. *Id.* at 9.

For the reasons below, the Plaintiff has not met his burden to show that the Court possesses subject-matter jurisdiction to consider his claim seeking to compel the Defendants to complete the adjudication of his asylum application. And so, the Court (1) **GRANTS** the Defendants' motion to dismiss and (2) **DISMISSES** the complaint.

## A. The Court May Not Consider This Matter

### 1. The Plaintiff Has Not Established Jurisdiction Under The Mandamus Act

As an initial matter, the Government persuasively argues that the Court does not possess subject-matter jurisdiction to consider the Plaintiff's claim under the Mandamus Act, because USCIS owes the Plaintiff no clear, non-discretionary duty with regards to the timing of the processing of his asylum application. The Mandamus Act vests this Court with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. But, as the Supreme Court has long recognized, mandamus relief is an "extraordinary remedy" which "will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittson Coal Group v. Sebben*, 488 U.S. 105, 121 (1988); *see also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (holding that mandamus "provide[s] a remedy for a plaintiff only if he has exhausted all other avenues of relief"); *Kerr v. United States*, 426 U.S. 394, 402 (1976).

To show that mandamus relief is appropriate in this case, the Plaintiff bears the heavy burden to show all three elements of a mandamus claim to invoke this Court's jurisdiction: (1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available. *See In re Beard*, 811 F.2d at 826; *Asare v. Ferro*, 999 F. Supp 657, 659 (D. Md. 1998); *see also Hyatt v. U.S. Patent & Trademark Office*, 146 F. Supp. 3d 771, 783 (E.D. Va. 2015) (holding no mandamus claim for patent applications pending over 20 years, because the agency was "under no legal obligation to cause an expeditious . . . examination of a patent application"); *Mohammed v. Holder*, 695 F. Supp. 2d 284, 291 (E.D. Va. 2010) (holding no mandamus jurisdiction to compel USCIS to adjudicate adjustment of a status application). Relevant to the pending motion

to dismiss, this Court has held that mandamus relief cannot be used to compel the performance of discretionary duties of federal government officers. *Asare*, 999 F. Supp at 659.

The Plaintiff has not met this burden here, because he fails to show that USCIS has a clear duty to complete the adjudication of his asylum application within a specified timeframe. As the Plaintiff correctly observes, title 8, United States Code, section 1158(d)(5)(A) provides a timeframe for the completion of asylum applications. 8 U.S.C. § 1158(d)(5)(A). But, Congress expressly declined to create a private right of action to enforce this timeframe. 8 U.S.C. § 1158(d). (providing that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.").

Given this, there is no private right of action under Section 1158 for the Plaintiff to enforce the timeframe for completing his asylum application. And so, the Plaintiff has not shown that the Defendants owe him a "clear duty" to complete the adjudication of his asylum application within the timeframe set forth in Section 1158. *See Noumbissie v. Garland*, No. RDB-22-3357, 2023 WL 8600510 at *2 (D. Md. Nov. 1, 2023); *Tawah v. Mayorkas*, No. TJS-23-02920, 2024 WL 2155060 at *2 (D. Md. May 14, 2024).

The Plaintiff's argument that he is entitled to mandamus relief, because USCIS has a non-discretionary duty to adjudicate his application within a reasonable period of time, is also unpersuasive. ECF No. 14 at 3. As discussed above, the Plaintiff identifies no clear statutory duty to support this argument. *Id.* Given this, the Plaintiff has not met his burden to show that USCIS has a clear duty to do the particular act that he requests, to establish a right to mandamus relief. *Beard*, 811 F.2d at 826.

### 2. The Plaintiff Has Not Established Jurisdiction Under The APA

The Plaintiff's reliance upon the APA to establish jurisdiction in this matter is also misplaced. To invoke the Court's jurisdiction under the APA, the Plaintiff must point to a provision within the APA that authorizes judicial review of USCIS's action. *NAACP v. Bureau of the Census*, 945 F.3d 183, 191 (4th Cir. 2019) (holding that failure to identify agency actions eligible for review under the APA is a "jurisdictional defect"). In this regard, the APA precludes judicial review of agency action, if the agency's action is committed to agency discretion by law. 5 U.S.C. § 701(a).

Here, the "timeframe for adjudicating asylum applications is discretionary, as the relevant statutes do not provide a specific timeframe in which applications should be adjudicated." *Noumbissie*, 2023 WL 8600510, at *2. Notably, there is no statute or regulation that sets a mandatory timeline for the adjudication of asylum applications. Given this, the pace at which USCIS adjudicates asylum applications is left to the agency's discretion. Because the APA precludes judicial review of such discretionary actions, the Plaintiff has also not shown that the Court may consider his claim under the APA.[3] *See* 5 U.S.C. § 701(a)(1).

## V. CONCLUSION

In sum, the Plaintiff has not met his burden to establish the Court's subject-matter jurisdiction in this matter. And so, for the foregoing reasons, the Court:

(1) **GRANTS** the Defendants' motion to dismiss and

(2) **DISMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge

---

[3] Because the Court concludes that it does not possess subject-matter jurisdiction to consider the Plaintiff's claim, the Court does not reach the other issues raised in the Government's dispositive motion.